```
RYAN RICHARDSON, City Attorney, SBN 223548
MARIA BEE, Chief Assistant City Attorney, SBN 167716
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney, SBN 251477
LORENA MATEI, Deputy City Attorney, SBN 224826
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6519; Fax: (510) 238-6500
Email: lmatei@oaklandcityattorney.org
37186/3431139
```

Attorneys for Defendant,
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJUANA REID,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF OAKLAND, ET AL.,<br><br>    Defendant. | Case No. 25-CV-00383 JST<br><br>**DEFENDANT CITY OF OAKLAND'S CASE MANAGEMENT STATEMENT**<br><br>Date:      August 5, 2025<br>Time:      2:00 pm<br>Location:  Courtroom E<br>Judge:     Jon S. Tigar |

Pursuant to Civil L.R 16-10(d)), the Defendant CITY OF OAKLAND, by and though undersigned counsel, hereby submits its Case Management Conference Statement. Defendant notes that Plaintiff previously submitted an individual Case Management Conference Statement noting that she does not want to communicate with defense counsel. Plaintiff advised the Court that she does not agree on a joint statement because she refuses "to engage directly" with the City given that "they are [her] kidnappers]". (Id.) Plaintiff recently submitted another Case Management Statement, reiterating that she is refusing to engage in any discussions with the City. Dkt. No. 47

Defendant notes that the Court vacated the hearing on the City's Motion to Dismiss Plaintiff's Second Amended Complaint and noted that it finds the matter "suitable for disposition without oral argument". Dkt. 44  The City is unclear as to whether Plaintiff's Second Amended Complaint has been dismissed and seeks clarification from the Court.

Defendant notes that this litigation cannot proceed if Plaintiff refuses to engage with defense counsel. If the Court denies Defendant's motion to dismiss the parties will have to engage in discovery including written discovery as well as depositions. This will require the cooperation and interaction of both parties.

Moreover, Plaintiff states in her individual CMC statement that she refuses "to communicate with [the City] outside of court". This will also create a substantial impasse to litigating the case and potentially reaching any sort of resolution.

1. <u>Jurisdiction & Service</u>

Plaintiff's address on the pleadings is in Oakland so she is presumably an Alameda County resident. Defendant City of Oakland ("Defendant") is a local government agency. Plaintiff asserts federal jurisdiction under 28 U.S.C. § 1331 for federal claims and § 1367(a) for state claims. However, supplemental jurisdiction over state claims is improper if federal claims are dismissed (*Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639 (2009)). Additionally, references to criminal statutes (e.g., Cal. Penal Code § 118.1, Page 12) is irrelevant in a civil case, as they do not confer federal jurisdiction (*Wunsch v. Daniels*, 84 F.3d 1110, 1115 (9th Cir. 1996)).

Plaintiff's reliance on a "continuum" of events from 1998 does not establish a cognizable federal claim if earlier events are time-barred or unrelated. Defendant addressed the insufficiencies in Plaintiff's jurisdictional representations in the Motion to Dismiss the Second Amended Complaint.

2. Facts

Plaintiff's operative Complaint centers around events that allegedly occurred from approximately August 2019 through October 1, 2019, although Plaintiff makes vague claims that the "events documented in this pleading represent over two decades" of alleged harassment, systemic corruption and targeted abuse. Plaintiff does not, however, identify any prior or subsequent dates of any alleged incidents, nor any individuals identified in any prior or subsequent incidents.

Plaintiff alleges that on or about August 2-3, 2019, she reported an alleged illegal cannabis cultivation to the City of Oakland Code Enforcement. Plaintiff alleges she filed several Code Enforcement complaints on August 8, 2019, and August 12, 2019. Plaintiff alleges that Officer John Jacko Romero fabricated a false Citizen's Crime Report on August 15, 2019. Plaintiff alleges that she reported an alleged "planted weapon" on August 29, 2019. She accuses Officer Romero of making false claims during a 911 call and accuses the officer of being a criminal. Plaintiff alleges that on September 1, 2019, her neighbor Moses Jacko initiated a 911 call accusing Plaintiff of harassment. Officer Meeks-Hay arrived and Plaintiff reiterated her cannabis complaint. Plaintiff continued to have interactions with and makes allegations against Moses Jacko from September 4, 2019 – September 9, 2019, alleging he harassed her by making false 911 calls about her.). Plaintiff alleges that on September 17, 2019, Officer Romero "orchestrated a retaliatory campaign" against her for reporting the alleged illegal cannabis cultivation of Moses Jacko. Plaintiff alleges she was "kidnapped" by police on Octoer 1, 2019.

3. Legal Issues

The issues are:

Whether Plaintiff's causes of action are barred by the statute of limitations.

Whether Defendant can be held responsible for the acts of its employees under a respondeat superior theory.

Whether Plaintiff identifies any statutory basis for her causes of action.

Whether and to what extent Plaintiff entitled to damages.

To what extent Plaintiff is entitled to damages.

4.   Motions

Defendant filed a Motion to Dismiss the Second Amended Complaint that was court vacated the hearing for and found "the matter suitable for disposition without oral argument". Defendant will file a Motion for Summary Judgment if the matter proceeds.

5.   Amendment of Pleadings

Unknown at this time.

6.   Evidence Preservation

Defendant has reviewed the guidelines related to the discovery of electronically stored information ("ESI Guidelines").

7.   Disclosures

The parties have not exchanged initial disclosure since the City's Motion to Dismiss still appears to be under submission without any formal order. The Defendant will comply with all requirements for disclosure.

8.   Discovery

There has been no discovery to-date pending Defendant's Motion to Dismiss. The City's intended discovery includes Plaintiff's deposition, the deposition of any independent third-party witnesses Plaintiff identifies.

9.   Class Actions

This is not a class action.

10.   Related Cases

There are no related cases.

//

11. Relief

Defendant refers to Plaintiff's CMC statement for her requested relief. Defendant will seek costs of suit and any attorney fees as applicable.

12. Settlement and ADR

There has been no informal settlement discussion to-date. Plaintiff "declines direct negotiations" with the City.

13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   _X_ YES (as to Defendant)    ____ NO

14. Other References

None at this time.

15. Narrowing of Issues

Defendant seeks a narrowing of the issues in Plaintiff's Second Amended Complaint as a majority are precluded by the Statute of Limitations and/or are vague.

16. Expedited Trial Procedure

Defendant does not feel this case is suitable for expedited trial.

17. Scheduling

Proposed schedule subject to the Court's schedule.

| Event | Deadline |
| --- | --- |
| Fact Discovery Cut-off | May 2026 |
| Mediation Completion | June 2026 |
| Cut-off for filing Dispositive Motions | July 2026 |
| Expert Disclosure | August 2026 |
| Expert Rebuttal Disclosure | September 2026 |
| Expert Discovery Cut-off | October 2026 |
| Pretrial Conference | October 2026 |

| Trial | November 2026 |
|---|---|

18. <u>Trial</u>

Defendant estimates a 3-4 week trial given the number of parties and potential witnesses identified.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

Defendant has filed the Certificate. There are no persons, firms, partnerships, corporations, or other known entities that have a financial interest in the subject matter in controversy, or in a party to the proceeding. Defendant is not aware of any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. <u>Professional Conduct</u>

Defense counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

Plaintiff refuses to communicate with the City and its counsel, which affects any meaningful attempt at discovery and settlement.

Respectfully submitted,

CITY OF OAKLAND

Dated: July 31, 2025

By: /s/ Lorena Matei
LORENA MATEI, Senior Deputy City Attorney
Counsel for Defendant, CITY OF OAKLAND

# CERTIFICATE OF SERVICE
## *Reid v. City of Oakland*
### United States District Court, Case No. 4:25-cv-00383-JST

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date set forth below, I caused service of the foregoing documents:

**DEFENDANT CITY OF OAKLAND'S
CASE MANAGEMENT STATEMENT**

☒    By email service.

  ☒    I sent the documents by electronic transmission or notification to the person(s) at the email addresses listed below.

  ☒    I submitted the documents to an E-Filing Service Provider which in turn serves the documents via email to the persons(s) at the e-mail address(es) listed below.

LAJUANA A. REID
7839 Lockwood Street
Oakland, California 94621
lajuanareid701@gmail.com
***Plaintiff, In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct. Executed on July 31, 2025, at, Oakland, California.

*[signature: Nanette Johnson]*
**NANETTE JOHNSON**