RYAN RICHARDSON, City Attorney, SBN 223548
MARIA BEE, Chief Assistant City Attorney, SBN 167716
KEVIN P. McLAUGHLIN, Supervising Deputy City Attorney, SBN 251477
LORNA MATEI, Deputy City Attorney, SBN 224826
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6519; Fax: (510) 238-6500
Email: lmatei@oaklandcityattorney.org
37186 / 3438999

Attorneys for Defendant,
CITY OF OAKLAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJUANA REID, | Case No. 25-CV-00383-JST |
| Plaintiff, | **DEFENDANT CITY OF OAKLAND'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P 12(b)(1),(6) AND 12(e); MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| CITY OF OAKLAND, ET AL., | |
| Defendant. | |
| | Date: October 30, 2025<br>Time: 2:00 p.m.<br>Dept.: Courtroom 6 |
| | Judge Jon S. Tigar |

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on October 30, 2025 at 2:00 p.m., via Zoom videoconference in Courtroom 6, 2nd Floor of the above-entitled United States District Court located at Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, before Judge Jon S. Tigar, Defendant CITY OF OAKLAND ("Defendant") will, and hereby do, move to dismiss pursuant to Fed. R. Civ P. 12(b)(1)(6) and 12(e) Plaintiff's Third Amended Complaint on the grounds that it fails to state a claim upon which relief can be granted, as more particularly set forth below in Defendant's Memorandum of Points and Authorities.

1. Plaintiff's pleading is deficient and contains vague allegations – F.R.C.P 8 & 12(e)
2. Plaintiff's causes of action are barred by the statute of limitations.
3. Plaintiff's state law causes of action are barred as a matter of law because Plaintiff has failed to allege compliance or circumstances excusing compliance with the claim presentation requirement of the California Government Claims Act.
4. Plaintiff fails to state a cognizable claim for relief under 42 U.S.C. § 1983 against the City because Plaintiff has failed to plead facts in her complaint showing that the alleged violations were caused by actions taken pursuant to official City policy.
5. The Court lacks subject matter jurisdiction for claims brought under the California Penal Code.
6. Plaintiff's claim for an award of punitive damages against the City must be dismissed because public entities are exempt from liability for punitive damages.
7. Plaintiff does not state a claim for injunctive relief.

Per the Court's scheduling notes, "Unless otherwise ordered, the Court will conduct pretrial conferences and trials in person, and all other civil proceedings by Zoom webinar." *See* https://apps.cand.uscourts.gov/CEO/cfd.aspx?7146#Notes.

///

///

///

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Lorena Matei and related exhibits, the pleadings and records on file herein in this case, and on such oral and documentary evidence as may be presented prior to and at the hearing of this motion.

Dated: September 25, 2025         Respectfully submitted,

                                              RYAN RICHARDSON, City Attorney

                                      By: /s/ Lorena Matei
                                            Lorena Matei, Deputy City Attorney
                                            Attorneys for Defendants

# TABLE OF CONTENTS/AUTHORITIES

Page(s)

**California Cases**

*Gatto v. Cnty. of Sonoma*,
  98 Cal. App. 4th 744 (2002)..................................................................................................9

*Nieves v. Bartlett*,
  139 S. Ct. 1715 (2019)............................................................................................................9

*Scannell v. Cnty. of Riverside,*
  152 Cal. App. 3d 596 (1984) ................................................................................................10

**Federal Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)............................................................................................................7, 8

*Bd. of Cnty. Comm'rs v. Brown*,
  520 U.S. 397 (1997)..............................................................................................................11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................................7

*Bird v. Dep't of Human Servs.*,
  935 F.3d 738 (9th Cir. 2019) ..................................................................................................8

*Chrysler Corp. v. Brown,*
  441 U.S. 281 (1979)..............................................................................................................11

*City of Los Angeles v. Lyons,*
  461 U.S. 95 (1983)................................................................................................................12

*Gibson v. United States,*
  781 F.2d 1334 (9th Cir. 1986) ................................................................................................9

*Grimmett v. Brown*,
  75 F.3d 506 (9th Cir. 1996) ....................................................................................................8

*Haley v. City of Boston*,
  657 F.3d 39 (1st Cir. 2011)....................................................................................................9

*Hebbe v. Pliler*,
  627 F.3d 338 (9th Cir. 2010) .................................................................................................7

*Kolender v. Lawson*,
  461 U.S. 352 (1983)..............................................................................................................12

*LaDuke v. Nelson*,
  762 F.2d 1318 (9th Cir. 1985) ............................................................................................12

*Mangold v. Cal. Pub. Utils. Comm'n*,
  67 F.3d 1470 (9th Cir. 1995) ..............................................................................................11

*McDonough v. Smith*,
  139 S. Ct. 2149 (2019) .........................................................................................................9

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978) ...........................................................................................................11

*Murphy v. Hunt*,
  455 U.S. 478 (1982) ...........................................................................................................12

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ...........................................................................................................12

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ..............................................................................................7

Thompson v. Clark,
  596 U.S. 36 (2022) ...............................................................................................................9

*Trevino v. Gates*,
  99 F.3d 911 (9th Cir. 1996) ................................................................................................11

*Wallace v. Kato*,
  549 U.S. 384 (2007) .........................................................................................................7, 8

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
  792 F.3d 1313 (11th Cir. 2015) ............................................................................................8

*Whittlestone*,
  618 F.3d 970 (9th Cir. 2010) ..............................................................................................12

*Wilson v. Garcia*,
  471 U.S. 261 (1985) .......................................................................................................9, 10

**California Statutes**

California Civil Code
  Sections 44-46 .................................................................................................................10

**California Code of Civil Procedure**
  Section 335.1 ................................................................................................................7, 8
  Section 340 .....................................................................................................................10
  Section 340(c) ...................................................................................................................8

**California Government Code**
  Section 910 .....................................................................................................................10
  Section 811.2 ..................................................................................................................11
  Section 818 .....................................................................................................................11
  Sections 905, 945.4 .........................................................................................................11

**California Penal Code**
  Section 118.1 ............................................................................................................10, 11
  Section 236 ...............................................................................................................10, 11
  Section 801 .....................................................................................................................11

**Federal Statutes**

42 U.S.C.
  Section 1983 ..............................................................................................................*Passim*

**Rules**

Federal Rules of Civil Procedure
  Rule 12(b)(1) ..........................................................................................................1, 7, 13
  Rule 8..........................................................................................................................2,6,8
  Rule 12(e) ..................................................................................................................2, 6, 8
  Rule 12(b)(1)(6)..................................................................................................................2
  Rule 12(e) ..........................................................................................................................2
  Rule 8(a)(2).......................................................................................................................7
  Rule 12(b)(6) ...............................................................................................................7, 12
  Rule 12(e) .....................................................................................................................7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Third Amended Complaint ("TAC") remains deficient and fails to cure the defects identified in the Court's Order dated July 31, 2025 (ECF No. 49), granting Defendant's motion to dismiss the Second Amended Complaint ("SAC"). Despite attempts to address statute-of-limitations issues through allegations of fraudulent concealment, delayed accrual, and continuing violations, the TAC's claims are still time-barred, as the core events occurred in 2019, and Plaintiff's purported discoveries do not toll the limitations periods. The TAC also fails to allege compliance with the California Government Claims Act for state claims, lacks plausible facts for Monell liability under § 1983, improperly asserts claims under California Penal Code sections without a private right of action, seeks unavailable punitive damages against the City, and asserts unsupported injunctive relief. Plaintiff has named the same defendants as the SAC (although it was pointed out that the Oakland Police Department is not a separate entity from the City of Oakland). None of the individuals have been served.

The TAC should be dismissed with prejudice.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the TAC is deficient and vague under FRCP 8 and 12(e).
2. Whether all claims are barred by statutes of limitations.
3. Whether state law claims are barred for failure to comply with the Government Claims Act.
4. Whether Plaintiff states a § 1983 claim against the City under Monell.
5. Whether the Court lacks jurisdiction over California Penal Code claims.
6. Whether punitive damages against the City are barred.
7. Whether injunctive relief is unsupported.

## III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, proceeding pro se, filed her original Complaint on January 10, 2025, alleging civil rights violations stemming from an October 1, 2019 arrest and related events. The SAC (ECF No. 11) expanded these allegations. On July 31, 2025, the Court dismissed the SAC without prejudice (ECF No. 49). Plaintiff filed the TAC on September 11, 2025 (ECF No. 54), incorporating her

Supplemental Statute of Limitations Pleading (ECF No. 53) and exhibits.

Plaintiff's action is related to the Government Claim submitted to the City of Oakland dated May 29, 2024, received by the City of June 4, 2024 (Exhibit A to the Declaration of Lorena Matei). The TAC, filed on September 11, 2025 (ECF No. 54), asserts nine causes of action arising primarily from events in August–October 2019, including alleged fabrication of evidence, a false arrest on October 1, 2019, and a criminal case dismissed on March 11, 2020. The TAC alleges fabrication of a Citizen's Crime Report, a fraudulent Temporary Restraining Order, retaliation for a code enforcement report, and ongoing concealment discovered via FOIA/CPRA requests from 2020-2025. It asserts nine causes of action under § 1983 and state law against the City, OPD, and individual officers.

The original complaint was filed on January 10, 2025—over five years after the core events. Federal claims under 42 U.S.C. § 1983 borrow California's two-year statute of limitations (SOL) for personal injury claims (Cal. Code Civ. Proc. § 335.1). State claims have similar or shorter SOLs (e.g., one year for defamation under § 340(c); two years for others like the Bane Act or malicious prosecution). Accrual generally occurs when the plaintiff knows or should know of the injury and its cause (*Wallace v. Kato*, 549 U.S. 384 (2007)).

### IV.     LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), dismissal is proper if the complaint fails to state a plausible claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept well-pled facts as true but disregard legal conclusions. Iqbal, 556 U.S. at 678. Pro se pleadings are liberally construed but must meet plausibility standards. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under Rule 12(e), a more definite statement is warranted for vague or ambiguous pleadings. Under Rule 12(b)(1), dismissal is proper for lack of subject matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

///

///

## V. ARGUMENT

### A. Pleading Deficiency and Vague Allegations – FRCP 8 & 12(e).

The TAC fails FRCP 8's requirement for a "short and plain statement" and remains vague, warranting dismissal or a more definite statement under Rule 12(e). Despite added details, it incorporates voluminous external pleadings and exhibits (e.g., ECF No. 53 -58), creating a shotgun pleading that forces the Court and Defendants to sift through disjointed allegations. See *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (criticizing complaints with conclusory, vague narratives). Allegations of a "Romero Loop" (p.4:7-9, TAC) involving fabrication, watchlisting, and concealment are conclusory, lacking specific facts tying each Defendant to acts within limitations periods. See Iqbal, 556 U.S. at 678 (requiring more than "threadbare recitals"). The TAC's reliance on doctrines like fraudulent concealment is formulaic, not factually supported to show diligence or specific concealments preventing timely filing. Dismissal is appropriate after multiple attempts to amend.

### B. Plaintiff's claims are all barred by the statute of limitations.

All claims arise from 2019 events (e.g., August-September fabrication, October 1 arrest). Federal claims borrow California's two-year personal injury statute. Cal. Civ. Proc. Code § 335.1; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). State claims have similar or shorter periods (e.g., one year for defamation, Cal. Civ. Proc. Code § 340(c); two years for Bane Act, malicious prosecution). Accrual occurs when Plaintiff knows or should know of the injury. *Wallace*, 549 U.S. at 388. Plaintiff's tolling arguments (fraudulent concealment, delayed discovery, continuing violation) fail, as she knew of the arrest and charges in 2019, and purported "discoveries" via FOIA (2020-2025) do not reset accrual for known injuries. See *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (concealment requires affirmative acts preventing suit; diligence required). Continuing violation doctrine applies only to ongoing acts, not lingering effects. *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019). Filed in 2025, over five years post-injury, claims are barred.

i. First Cause of Action – Violation of 42 U.S.C. § 1983 (Fourth Amendment Unreasonable Seizure)

This claim accrued October 1, 2019, upon the alleged seizure. *Wallace*, 549 U.S. at 397

(false imprisonment accrues upon legal process). The two-year limit expired October 2021. Tolling fails: Plaintiff knew of the arrest immediately; later "discoveries" (e.g., RP card in 2023) confirm known facts, not new injuries. No continuing violation, as post-2019 acts are discrete. The claim is therefore barred.

ii. Second Cause of Action – Violation of 42 U.S.C. § 1983 (Fourteenth Amendment Due Process Fabrication of Evidence)

The claim accrued when fabrication caused harm, by October 2019 (arrest) or March 2020 (dismissal). *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (accrues upon favorable termination). Limit expired March 2022. Plaintiff's concealment claims are unavailing: Plaintiff alleges 2019 knowledge of TRO and arrest; FOIA revelations are not "critical evidence" tolling known claims. The claim is therefore barred.

iii. Third Cause of Action – Violation of 42 U.S.C. § 1983 (First Amendment Retaliation)

The claim accrued August-October 2019 upon retaliation. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). Limit expired 2021. No tolling: Plaintiff knew of report and arrest; later details do not delay accrual. The claim is therefore barred.

iv. Fourth Cause of Action – Violation of 42 U.S.C. § 1983 (Conspiracy)

The claim accrued upon overt acts in 2019. Limit expired 2021. For claims brought under Section 1983 the statute of limitations is typically two years from the date the cause of action accrues. This is based on the personal injury statute of limitations for the state in which the action is brought. *Haley v. City of Boston*, 657 F.3d 39 (1st Cir. 2011); *Wilson v. Garcia*, 471 U.S. 261 (1985). Conspiracy claims accrue when injury occurs, not upon discovery of all conspirators. *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir. 1986). The claim is therefore barred.

v. Fifth Cause of Action – Malicious Prosecution

Two-year limit; accrues upon favorable termination (March 11, 2020). Thompson v. Clark, 596 U.S. 36, 44 (2022). Expired March 2022. No tolling for post-dismissal discoveries. The claim is therefore barred.

vi. Sixth Cause of Action – Violation of the California Bane Act (Civil Code §52.1)

There is a two-year limit; accrues upon interference (2019). *Gatto v. Cnty. of Sonoma*, 98

Cal. App. 4th 744, 760 (2002). Here, Plaintiff did not submit any Government Claim related to alleged violation of the California Bane Act, nor does she identify what dates the alleged violations occurred. (Cal. Gov. Code §910 et seq.) (Ex. A to Matei Dec.) The claim is therefore barred.

### vii. Seventh Cause of Action – False Imprisonment (Cal. Penal Code § 236)

As discussed above, to the extent that the cause of action is based on a state claim, the state cause of action is barred because Plaintiff failed to file a claim for damages with the City. (See Plaintiff's Government Claim, attached as Exhibit A to the Matei Decl.) Additionally, the claim is barred by the one-year statute of limitations. (Cal. Code Civ. Proc. § 340)

The cause of action accrues upon release (October 2019). *Scannell v. Cnty. of Riverside,* 152 Cal. App. 3d 596, 615 (1984). Plaintiff does not plead facts related to purported release from custody, the point where her alleged "false imprisonment" ended. The claim is therefore barred.

### viii. Eighth Cause of Action – Defamation (Cal. Civ. Code §§ 44-46)

To the extent that the cause of action is based on a state claim, the state cause of action is barred because Plaintiff failed to file a claim for damages with the City. (Exhibit A to Matei Decl.)

Finally, since defamation is a personal tort, federal courts typically apply the state's personal injury statute of limitations, which in this case is California Code of Civil Procedure§340(c), meaning a one-year limitations period would apply in federal court. *Wilson v. Garcia*, 471 U.S. 261 (1985) Here, although Plaintiff does not identify a specific date of the alleged defamation, her Complaint centers around the timeframe of September – October 1, 2019, more than five years before she filed the subject lawsuit. The claim is therefore barred.

### ix. Ninth Cause of Action – Perjury (Cal. Penal Code § 118.1)

There is no private civil action for perjury. Plaintiff attempts to rephrase her original claim for "filing and use of false police reports (SAC at p.94) into a claim for perjury (TAC at p.14). However, the California Penal Code section 118.1 defines the offense of making false statements under oath (perjury or related offenses). The section specifically addresses false statements made during legal proceedings or documents under oath. Even if the Court had jurisdiction over this claim, and even if it was properly plead, The statute of limitations for felonies in California is

generally 3 years, per California Penal Code § 801.

### C. Failure to present state law claims

State claims (Fifth-Ninth COAs) require timely presentation to the City under the Government Claims Act. Cal. Gov't Code §§ 905, 945.4. Presentation must occur within six months of accrual (or one year for good cause). Id. § 911.2. The TAC alleges no presentation, nor excusal. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (compliance mandatory).

### D. Plaintiff fails to state a cognizable claim for relief under 42 U.S.C.§ 1983

Section 1983 claims against the City require Monell liability: policy, custom, or ratification causing violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The TAC's conclusory "ratification" by Deputy Chief Armstrong (introducing Romero as cannabis officer) and "custom" allegations lack facts showing widespread practice or deliberate indifference. (TAC at p.3) *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). A single incident (2019 events) is insufficient. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Here, Plaintiff does not articulate a plausible *Monell* claim.

### E. The Court lacks subject matter jurisdiction

The Ninth COA (Perjury, § 118.1) and any implied penal claims (e.g., Seventh COA § 236) are criminal statutes without private right of action. *Chrysler Corp. v. Brown,* 441 U.S. 281, 316 (1979) (no implied right unless intent clear). There is no federal jurisdiction over state criminal claims. The claims must be dismissed under 12(b)(1).

### F. Plaintiff's claim for an award of punitive damages against the City must be dismissed because public entities are exempt from liability from punitive damages

Plaintiff seeks to recover punitive damages against the defendants. (TAC at p.13:16, 24 p.14:3, 21)  Public entities such as the City, however, are exempt from liability for punitive damages under California Government Code section 818. *See* Cal. Gov't. Code § 811.2 (stating "public entity" in this context includes a city); Cal. Gov't. Code § 818 Law Revision Commission Comments (stating that government code section 818 exempts public entities from liability for punitive or exemplary damages).  Accordingly, Plaintiff's prayer for punitive damages must be dismissed as to the City. *See Whittlestone*, 618 F.3d 970, 974-975 (9th Cir.

2010) (concluding challenge to damages claim is really an attempt to have portions of complaint dismissed and is better suited to Rule 12(b)(6) motion to dismiss).

### G. Plaintiff's claim for injunctive relief is unsupported

A person's past exposure to alleged unlawful conduct is insufficient to establish a present case or controversy entitling them to injunctive relief. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Rather, to establish a present case or controversy, Plaintiff must demonstrate "the likelihood of similar injury in the future." *LaDuke v. Nelson,* 762 F.2d 1318, 1324 (9th Cir. 1985), discussing *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983), modified, 796 F.2d 309 (9th Cir. 1986). Plaintiff must show that there is a "credible threat" that he will again be subject to the particular injury against which injunctive relief is sought. *Kolender v. Lawson*, 461 U.S. 352, 355 n.3 (1983). A "mere physical or theoretical possibility" that the challenged conduct will again injure the plaintiff is insufficient to establish a present case or controversy. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Here, all of Plaintiff's allegations center around events that occurred in from August 2019 through October 2019.  Plaintiff does not identify any factual basis for a present case or controversy entitling her to injunctive relief. The TAC's requests (watchlist removal, expungement, policy reforms) are speculative, lacking facts of ongoing harm post-2020. Accordingly, the Court should dismiss Plaintiff's prayer for injunctive relief. (TAC at p. 14 )

### VI.    CONCLUSION

The TAC fails to cure prior deficiencies and should be dismissed with prejudice.

Dated: September 25, 2025          RYAN RICHARDSON, City Attorney

                              By:  /s/ Lorena Matei
                                   LORENA MATEI, Deputy City Attorney
                                   Attorneys for Defendant,
                                   CITY OF OAKLAND

# CERTIFICATE OF SERVICE
## 25-cv-00383-TSH
### United States District Court REID v. CITY OF OAKLAND

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date set forth below, I caused service of the foregoing documents:

**DEFENDANT CITY OF OAKLAND'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO F.R.C.P 12(b)(1),(6) AND 12(e); MEMORANDUM OF POINTS AND AUTHORITIES**

☒ **By email service.**

    ☒ I sent the documents by electronic transmission or notification to the person(s) at the email addresses listed below.

    ☒ I submitted the documents to an E-Filing Service Provider which in turn serves the documents via email to the persons(s) at the e-mail address(es) listed below.

| | |
|---|---|
| LAJUANA A. REID<br>7839 Lockwood Street<br>Oakland, California 94621<br>Lajuanareid701@gmail.com<br><br>Attorney(s) for In Pro Per | |

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed on September 25, 2025, at, Oakland, California.

_____
ELIZABETH ZINK

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the address(s)es listed below and *(specify one)*:

    ☐ I placed the envelope for deposit with the United States Postal Service, with the postage fully paid.

    ☒ The envelope was placed for collection and mailing, following our ordinary business practices. I am readily familiar with the City of Oakland's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Executed on September 25, 2025, at, Oakland, California.

*Elizabeth A. Zink*

ELIZABETH ZINK