RYAN RICHARDSON, City Attorney, SBN 223548
MARIA BEE, Chief Assistant City Attorney, SBN 167716
KEVIN P. MCLAUGHLIN, Supervising Deputy City Attorney, SBN 251477
LORENA MATEI, Deputy City Attorney, SBN 224826
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6519; Fax: (510) 238-6500
Email: lmatei@oaklandcityattorney.org
37186/3447912

Attorneys for Defendant,
DEFENDANTS' CITY OF OAKLAND (ERROENOUSLY SUED AS OAKLAND POLICE DEPARTMENT), JOHN JACKO ROMERO, JANEY LORRAINE MEEKS-HAY, OMAR ASHFORD, VICTORIA LYNN DENARDI, CHRISTOPHER KELLEY, BINH TRAN, KITO YSLAVA, GORDON DORHAM, ZELUNETTE McKELLER, CHABLIS DeLOVE, KARLANA INGRAM, SAMATHA MICHELLE TAYOR

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAJUANA REID,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND (ERROENOUSLY SUED AS OAKLAND POLICE DEPARTMENT), JOHN JACKO ROMERO, JANEY LORRAINE MEEKS-HAY, MARK WOODROW WILSON, OMAR ASHFORD, VICTORIA LYNN DENARDI, CHRISTOPHER KELLEY, BINH TRAN, KITO YSLAVA, GORDON DORHAM, ZELUNETTE McKELLER, CHABLIS DeLOVE, KARLANA INGRAM, SAMATHA MICHELLE TAYOR, RODNEY WOODSON<br>        Defendant. | Case No. 25-CV-00383 JST<br><br>**DEFENDANTS' CITY OF OAKLAND (ERROENOUSLY SUED AS OAKLAND POLICE DEPARTMENT), JOHN JACKO ROMERO, JANEY LORRAINE MEEKS-HAY, OMAR ASHFORD, VICTORIA LYNN DENARDI, CHRISTOPHER KELLEY, BINH TRAN, KITO YSLAVA, GORDON DORHAM, ZELUNETTE McKELLER, CHABLIS DeLOVE, KARLANA INGRAM, SAMATHA MICHELLE TAYOR**<br><br>**CASE MANAGEMENT STATEMENT**<br><br>**Date:        December 2, 2025**<br>**Time:        2:00 p.m.**<br>**Location: Courtroom E**<br><br>**Hon. Jon S. Tigar** |

Pursuant to Civil L.R 16-10(d)), the Defendants OF OAKLAND (ERROENOUSLY SUED AS OAKLAND POLICE DEPARTMENT), JOHN JACKO ROMERO, JANEY LORRAINE MEEKS-HAY, OMAR ASHFORD, VICTORIA LYNN DENARDI, CHRISTOPHER KELLEY, BINH TRAN, KITO YSLAVA, GORDON DORHAM, ZELUNETTE McKELLER,  CHABLIS DeLOVE, KARLANA INGRAM, SAMATHA MICHELLE TAYOR ("Defendants"), by and though undersigned counsel, hereby submit their Case Management Conference Statement. Defendants note that Plaintiff previously submitted an individual Case Management Conference Statement noting that she does not want to communicate with defense counsel. Plaintiff advised the Court that she does not agree on a joint statement because she refuses "to engage directly" with the City given that "they are [her] kidnappers]". (Id.) Plaintiff subsequently submitted another Case Management Statement, reiterating that she is refusing to engage in any discussions with the City. Dkt. No. 47

Defendants note that this litigation cannot proceed if Plaintiff refuses to engage with defense counsel.  Defendants' Motion to Dismiss the Third Amended Complaint set for hearing on December 4, 2025 has just been vacated by the Court.  If the Court denies Defendants' motion to dismiss the parties will have to engage in discovery including written discovery as well as depositions.  This will require the cooperation and interaction of all parties.

Moreover, Plaintiff stated in her prior individual CMC statement that she refuses "to communicate with [the City] outside of court".  This will also create a substantial impasse to litigating the case and potentially reaching any sort of resolution.

1.    Jurisdiction & Service

Plaintiff's address on the pleadings is in Oakland so she is presumably an Alameda County resident.  Defendant City of Oakland ("Defendant") is a local government agency. Plaintiff asserts federal jurisdiction under 28 U.S.C. § 1331 for federal claims and § 1367(a) for state claims.  However, supplemental jurisdiction over state claims is improper if federal claims are dismissed (*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). Additionally, references to criminal statutes (e.g., Cal. Penal Code § 118.1, Page 12) is irrelevant in a civil

case, as they do not confer federal jurisdiction (*Wunsch v. Daniels*, 84 F.3d 1110, 1115 (9th Cir. 1996)).

Plaintiff's reliance on a "continuum" of events from 1998 does not establish a cognizable federal claim if earlier events are time-barred or unrelated.  Defendants addressed the insufficiencies in Plaintiff's jurisdictional representations in the Motion to Dismiss the Third Amended Complaint.

    2.   <u>Facts</u>

Plaintiff's operative Complaint centers around events that allegedly occurred from approximately August 2019 through October 1, 2019, although Plaintiff makes vague claims that the "events documented in this pleading represent over two decades" of alleged harassment, systemic corruption and targeted abuse. Plaintiff does not, however, identify any prior or subsequent dates of any alleged incidents, nor any individuals identified in any prior or subsequent incidents.

Plaintiff alleges that on or about August 2-3, 2019, she reported an alleged illegal cannabis cultivation to the City of Oakland Code Enforcement. Plaintiff alleges she filed several Code Enforcement complaints on August 8, 2019, and August 12, 2019. Plaintiff alleges that Officer John Jacko Romero fabricated a false Citizen's Crime Report on August 15, 2019. Plaintiff alleges that she reported an alleged "planted weapon" on August 29, 2019. She accuses Officer Romero of making false claims during a 911 call and accuses the officer of being a criminal. Plaintiff alleges that on September 1, 2019, her neighbor Moses Jacko initiated a 911 call accusing Plaintiff of harassment. Officer Meeks-Hay arrived and Plaintiff reiterated her cannabis complaint.  Plaintiff continued to have interactions with and makes allegations against Moses Jacko from September 4, 2019 – September 9, 2019, alleging he harassed her by making false 911 calls about her.). Plaintiff alleges that on September 17, 2019, Officer Romero "orchestrated a retaliatory campaign" against her for reporting the alleged illegal cannabis cultivation of Moses Jacko.  Plaintiff alleges she was "kidnapped" by police on October 1, 2019.

3.    <u>Legal Issues</u>

The issues are:

Whether Plaintiff's causes of action are barred by the statute of limitations.

Whether Defendant City of Oakland can be held responsible for the acts of its employees under a respondeat superior theory.

Whether Plaintiff identifies any statutory basis for her causes of action.

Whether Plaintiff alleged sufficient facts to support her allegations against the named individual defendants.

Whether and to what extent Plaintiff entitled to damages.

4.    <u>Motions</u>

Defendants filed a Motion to Dismiss the Third Amended Complaint, set for hearing on December 4, 2025.

5.    <u>Amendment of Pleadings</u>

Unknown at this time.

6.    <u>Evidence Preservation</u>

Defendants have reviewed the guidelines related to the discovery of electronically stored information ("ESI Guidelines").

7.    <u>Disclosures</u>

The parties have not exchanged initial disclosure since Defendants Motion to Dismiss the Third Amended Complaint is pending.  Defendants will comply with all requirements for disclosure.

8.    <u>Discovery</u>

There has been no discovery to-date pending Defendants' Motion to Dismiss.  The City's intended discovery includes Plaintiff's deposition, the deposition of any independent third-party witnesses Plaintiff identifies.

9.    <u>Class Actions</u>

This is not a class action.

10.    Related Cases

There are no related cases.

11.    Relief

Defendants refer to Plaintiff's CMC statement for her requested relief. Defendants will seek costs of suit and any attorney fees as applicable.

12.    Settlement and ADR

There has been no informal settlement discussion to-date. Plaintiff "declines direct negotiations" with the City.

13.    Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   X   YES (as to Defendants)      NO

14.    Other References

None at this time.

15.    Narrowing of Issues

Defendants seeks a narrowing of the issues in Plaintiff's Third Amended Complaint as a majority are precluded by the Statute of Limitations and/or are vague.

16.    Expedited Trial Procedure

Defendants do not feel this case is suitable for expedited trial.

17.    Scheduling

Proposed schedule subject to the Court's schedule.

| Event | Deadline |
|---|---|
| Fact Discovery Cut-off | July 2026 |
| Mediation Completion | August 2026 |
| Cut-off for filing Dispositive Motions | September 2026 |
| Expert Disclosure | October 2026 |
| Expert Rebuttal Disclosure | November 2026 |

| Expert Discovery Cut-off | December 2026 |
| Pretrial Conference | December 2026 |
| Trial | January 2027 |

18.  <u>Trial</u>

Defendants estimate a 3-4 week trial given the number of parties and potential witnesses identified.

19.  <u>Disclosure of Non-party Interested Entities or Persons</u>

Defendant City of Oakland has filed the Certificate.  There are no persons, firms, partnerships, corporations, or other known entities that have a financial interest in the subject matter in controversy, or in a party to the proceeding.  Defendant is not aware of any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.  <u>Professional Conduct</u>

Defense counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.  <u>Other</u>

Plaintiff refuses to communicate with the City and its counsel, which affects any meaningful attempt at discovery and settlement.

Respectfully submitted,

CITY OF OAKLAND

Dated: November 25, 2025

By:  /s/ Lorena Matei
_____
LORENA MATEI, Senior Deputy City Attorney
Counsel for Defendant, DEFENDANTS' CITY OF
OAKLAND (ERROENOUSLY SUED AS OAKLAND
POLICE DEPARTMENT), JOHN JACKO ROMERO,
JANEY LORRAINE MEEKS-HAY, OMAR ASHFORD,
VICTORIA LYNN DENARDI, CHRISTOPHER
KELLEY, BINH TRAN, KITO YSLAVA, GORDON
DORHAM, ZELUNETTE McKELLER,  CHABLIS
DeLOVE, KARLANA INGRAM, SAMATHA
MICHELLE TAYOR

DEFENDANTS' CASE MANANGEMENT STATEMENT                    4:25-cv-00383-JST

1

2                                     **CERTIFICATE OF SERVICE**
                                      ***Reid v. City of Oakland***
3                       **United States District Court, Case No. 4:25-cv-00383-JST**

4

5          I am a resident of the State of California, over the age of eighteen years, and not a party
    to the within action.  My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor,
6   Oakland, California 94612.  On the date set forth below, I caused service of the foregoing
    documents:
7
          **DEFENDANTS CITY OF OAKLAND (ERROENOUSLY SUED AS OAKLAND
8   POLICE DEPARTMENT), JOHN JACKO ROMERO, JANEY LORRAINE MEEKS-
    HAY, OMAR ASHFORD, VICTORIA LYNN DENARDI, CHRISTOPHER KELLEY,
9   BINH TRAN, KITO YSLAVA, GORDON DORHAM, ZELUNETTE McKELLER,
    CHABLIS DeLOVE, KARLANA INGRAM, SAMATHA MICHELLE TAYORCASE
10  MANAGEMENT STATEMENT**

11      ☒      By email service.

12
                ☒      I sent the documents by electronic transmission or notification to the person(s) at
13                     the email addresses listed below.

14              ☐      I submitted the documents to an E-Filing Service Provider which in turn serves the
                       documents via email to the persons(s) at the e-mail address(es) listed below.
15

16
        ☒      **By United States mail**.  I enclosed the documents in a sealed envelope or package
17             addressed to the persons at the address(s)es listed below and *(specify one)*:

18              ☐      I placed the envelope for deposit with the United States Postal Service, with the
                       postage fully paid.
19
                ☒      The envelope was placed for collection and mailing, following our ordinary
20                     business practices.  I am readily familiar with the City of Oakland's practice for
                       collecting and processing correspondence for mailing.  On the same day that
21                     correspondence is placed for collection and mailing, it is deposited in the ordinary
                       course of business with the United States Postal Service, in a sealed envelope with
22                     postage fully paid.

23

24  LAJUANA A. REID
    7839 Lockwood Street
25  Oakland, California 94621
    lajuanareid701@gmail.com
26  ***Plaintiff, In Pro Per***

27

28

                                                    1

1

2

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.  Executed on November 25, 2025, at Oakland, California.

3

4

_____

**ELIZABETH A. ZINK**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28