UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAJUANA A. REID,

            Plaintiff,

    v.

CITY OF OAKLAND, et al.,

            Defendants.

Case No. 25-cv-00383-JST

**ORDER GRANTING MOTIONS TO DISMISS THIRD AMENDED COMPLAINT**

Re: ECF No. 60, 72

Before the Court are two motions to dismiss Plaintiff Lajuana A. Reid's third amended complaint.[1]  ECF Nos. 60, 72.  The Court will grant both motions and dismiss the complaint with prejudice.

I.      **BACKGROUND**

The facts alleged in the complaint are laid out in more detail in the Court's order dismissing Reid's first amended complaint.  ECF No. 49.  The primary changes in the new complaint are that Reid focuses primarily on an alleged "false kidnapping" incident in 2019 and presents arguments concerning the statute of limitations and equitable tolling.  ECF No. 54 at 6–7. She alleges that Defendant John Jacko Romero filed a fabricated crime report on August 15, 2019 in retaliation for Reid reporting Romero's cousin Moses Jacko Jr's illegal cannabis cultivation. ECF No. 54 at 3.  She alleges that a fraudulent Temporary Restraining Order was then issued

[1] Defendants are the City of Oakland; the Oakland Police Department; the Estate of Moses Jacko Jr.; John Jacko Romero sued in his personal and official capacity as a member of the Oakland Police Department; the following members of the Oakland Police Department, all sued in their official capacities—Janey Lorraine Meeks-Hay; Victoria Lynn Denardi; Mark Woodrow Wilson; Christopher Kelley; Binh Tran; Kito Yslava; Omar Ashford; Gordon Dorham; Zelunette McKellar; Chablis Delove; Karlana Ingram; Samantha Michelle Taylor; and Rodney Woodson; and Does 1–20, who are unnamed OPD agents, officers, and dispatchers sued in their official capacities.  ECF No. 54 at 4–16.

against her, and that she was arrested on the basis of that TRO on October 1, 2019. *Id.* Reid alleged that various officers of the Oakland Police Department were part of this operation to falsely kidnap and retaliate against her. *Id.* at 7–9. She alleges that this retaliation was "ratified at the highest levels" by the Oakland Police Department because of their policy of protecting informants, suppressing citizen complaints, and ratifying officer misconduct. *Id.* at 11. Reid contends that her criminal case was dismissed on March 11, 2020. *Id.* at 4. Reid brings claims for violation of 18 U.S.C. § 1983, conspiracy, malicious prosecution, violation of the Bane Act, false imprisonment, defamation, and perjury. *Id.* at 12–15. She claims that her claims are timely under the doctrines of fraudulent concealment, equitable tolling, delayed discovery, and continuing violations because Romero allegedly obstructed the discovery of evidence that Reid had been seeking through numerous Freedom of Information Act requests she submitted to the Oakland Police Department. *Id.* at 6–7, 11.

The Court dismissed the second amended complaint, finding that all of Reid's allegations stemmed from the alleged incident in 2019, which meant that each of her claims was barred by the relevant statutes of limitations. ECF No. 49 at 6. The Court also found that Reid had not adequately pleaded that equitable tolling or continued violations doctrine preserved her untimely claims. *Id.* at 9–11. The Court dismissed Reid's complaint with leave to amend to add Defendant Romero in his individual capacity and to cure the deficiencies identified in the order. *Id.* at 12. Reid filed her third amended complaint on September 11, 2025. ECF No. 53. The City of Oakland filed its motion to dismiss on September 25, 2025. ECF No. 60. The Oakland Police Department Defendants filed a separate motion to dismiss on October 22, 2025. ECF No. 72.

Since the briefing was completed, Reid has filed several documents to supplement the record, make additional arguments, and submit additional evidence. ECF Nos. 76, 82, 83, 84, 85. Reid has also filed several documents to supplement her third amended complaint. ECF Nos. 53, 55, 56, 57, 58, 90.[2]

---

[2] The Court has exercised its discretion to consider these documents and finds that none alter its decision on the Defendants' motion to dismiss, as set forth below.

United States District Court
Northern District of California

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    REQUESTS FOR JUDICIAL NOTICE AND SUPPLEMENTAL PLEADING

"As a general rule, [the Court] may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colleges*, 655 F. 3d 984, 998–99 (9th Cir. 2011) (internal quotation marks and citations omitted). However, "[t]he [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Defendants request judicial notice of Reid's Government Claim against the City of Oakland, which exists as part of the City's public claims files. ECF No. 73 at 2. As courts may take judicial notice of documents in the public record, the Court will take judicial notice of this document. Fed. R. Evid. 201; *Zorikova v. Kineticflix, LLC*, CV 19-04214, 2019 WL 5102572, at *3 (C.D. Cal. Oct. 10, 2019) (taking judicial notice of an LLC Form appearing on the California Secretary of State website listing the LLC's office address as the service of process agent address).

## IV.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability

United States District Court
Northern District of California

3

requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel*, 393 F.3d at 1072. And when a pro se plaintiff has filed a complaint, courts must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F. 3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 733 F.2d 1026, 1027 n.1 (9th Cir. 1985)) (en banc)).

**V.    DISCUSSION**

In her third amended complaint, Reid alleges nine causes of action, all stemming from the alleged 2019 kidnapping. ECF No. 54 at 11-14. Reid does not dispute that the statutes of limitations on her claims have generally elapsed. Instead, she argues that fraudulent concealment, equitable tolling, and allegations of continuing violations make her claims still timely. ECF No. 69 at 10. Defendants argue that all of Reid's claims remain time-barred and that none of these doctrines save her claims. ECF No. 60 at 9–11, ECF No. 72 at 14–16. As discussed below, the Court agrees with Defendants.

**A.    42 U.S.C. § 1983 Claims**

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)). California's statute of limitations for personal injury claims is two years. *See* Cal. Civ. P. Code § 335.1.

Reid argues that her § 1983 claims are timely filed as the claims would only have accrued after the favorable termination of her criminal proceeding on March 11, 2020. ECF No. 69 at 10 (citing *Thompson v. Clark*, 596 U.S. 36, 44 (2022)). She further argues that the resultant deadline,

United States District Court
Northern District of California

March 11, 2022, would be tolled by subsequent discoveries that she made about a "Reporting Party card" and "voice verification" in 2023 and 2024. ECF No. 69 at 10. Reid claims that the fabrication of evidence tolls the statute of limitation under *McDonough v. Smith* until after her discovery of the fabricated basis for her 2019 arrest. *Id*. (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019)).

The Court once again finds that the statute of limitations on the § 1983 claims has expired. *Thompson* is a case about what a plaintiff must show to establish that a malicious prosecution ended in 'favorable termination,' and does not support Reid's argument that the fabrication of evidence would delay the accrual of her claim. 596 U.S. 36, 45 (2022). *McDonough* stands only for the principle that in the case of § 1983 claim for fabrication of evidence, the statute of limitations runs from the favorable termination of the prosecution. 139 S.Ct. at 2158. Therefore, there is no basis for the Court to conclude that the statute of limitations on Reid's claims began to run any later than March 11, 2020, which means her claims had become stale by nearly three years when she filed her suit. The Court will therefore dismiss Reid's § 1983 claims as time-barred.

### B.   Malicious Prosecution Claim

The statute of limitations for a malicious prosecution claim is two years. *See Peinado v. City & Cnty. of San Francisco*, No. C-11-1799 EMC, 2013 WL 163473, at *3 (N.D. Cal. Jan. 15, 2013). The claim accrues upon favorable termination of the prosecution, which Reid alleges was on March 11, 2020. *See McDonough v. Smith*, 588 U.S. 109, 114 (2019). The statute of limitations therefore ran out on March 11, 2022, more than three years before Reid filed her third amended complaint. Therefore, her claim is time-barred.

### C.   California Bane Act Claim

For Bane Act claims, courts apply a two-year statute of limitations for liability arising out of common law neglect or personal injury, as provided under Cal. Civ. Proc. Code § 335. *See Gatto v. Cty. of Sonoma*, 98 Cal. App. 4th 744, 753–760 (2002); see also *Wilson v. City of Oakland*, No. C-11-05377 DMR, 2012 WL 669527, at *3 n.6 (N.D. Cal. Feb. 29, 2012). The allegations for California Bane Act claims arise from the alleged false arrest in 2019 alleged kidnapping for interference of Reid's rights by threat, intimidation or coercion. ECF No. 54 at 13.

Therefore, the claim is time-barred.

### D.    False Imprisonment Claim

Reid alleges that she was falsely imprisoned in violation of California Penal Code § 236. ECF No. 54 at 13.  As framed, this claim must be dismissed because criminal statutes do not give rise to civil liability.  *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Construing the claim as one for civil false imprisonment, *Scofield v. Critical Air Med., Inc.*, 45 Cal. App. 4th 990, 1000–09 (1996), however, the statute of limitations for a false imprisonment claim in California is one year, *see* Cal. Civ. Proc. Code § 340(c).  As the basis of Reid's false imprisonment claims is her 2019 alleged false arrest, the claim is time-barred.

### E.    Defamation Claim

The statute of limitations for a defamation claim in California is one year from the date of publication.  Cal. Civ. Proc. Code § 340(c).   The bases of Reid's defamation claim are "false material facts under oath in reports and court filings" related to the 2019 incident.  ECF No. 54 at 13–14.  In her opposition, Reid claims that the defamatory "narrative" has been maintained through dispatcher training but makes no allegations in her complaint that any defamatory statements were made after 2019.  ECF No. 69 at 19. This claim is therefore also time-barred.

### F.    Perjury Claim

Reid also brings claims of perjury under California Penal Code § 118.1 against Defendants Romero and Meeks-Hay for stating false facts in reports and court filings.  ECF No. 54 at 14.  As previously discussed, however, criminal statutes do not give rise to civil liability.  *Allen*, 464 F.3d at 1048.  Reid claims that she is entitled to liberal construction of the claim as a § 1983 due process violation.  ECF No. 69 at 20.  Even if these allegations state a § 1983 claim—a question the Court need not reach—her § 1983 claims are time-barred for the reasons stated above.

### G.    Equitable Tolling, Fraudulent Concealment, and Continuing Violations Doctrine

As she has in response to prior motions to dismiss, Reid argues that her claims are equitably tolled due to Defendants' concealment of evidence.  ECF No. 69 at 10, 12, 14–15, 17. Once again, these arguments fail.

6

"The doctrine of fraudulent concealment is invoked only if the plaintiff both pleads and proves that the defendant *actively* misled her, and that she had neither actual nor constructive knowledge of the *facts constituting his* (sic) *cause of action* despite her due diligence." *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996) (emphasis in original).

Reid centers her fraudulent concealment argument on the City of Oakland's alleged delay in responding to her Freedom of Information Act and California Public Records Act claims. ECF No. 69 at 10, 13. That Reid discovered specific facts about her claim through her FOIA claims does not suggest that Defendants actively concealed the facts of her 2019 injury. Therefore, she is not entitled to equitable tolling due to fraudulent concealment. *See, e.g., Hall v. Levorse*, 536 Fed. App'x 690, 691 (9th Cir. 2013) ("Contrary to Hall's contentions, neither equitable tolling nor equitable estoppel applies because Hall should have reasonably been aware of the existence of his claims within the limitations period and defendants did not wrongfully prevent Hall from asserting his claims."); *Li v. Cnty. of San Diego*, 259 Fed. App'x 912, 913 (9th Cir. 2007) ("Li's contention that the district court should have applied equitable tolling because he was not aware of the basis of his claims due to defendants' fraudulent concealment is unpersuasive, because Li failed to adequately allege any acts on the part of defendants to prevent him from detecting the facts sufficient to support bringing his claims on a timely basis."). Reid has also failed to plead any "extraordinary circumstances beyond [her] control made it impossible to file the claims on time." *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991) (noting that lack of access to courts caused by war supports equitable tolling).

Even assuming the City's conduct rose to the level of active concealment—a question the Court does not reach—Reid fails to explain how the delay in receiving that evidence prevented her from having knowledge of her claims, given her other allegations of Defendants' wrongful conduct against her. Reid admits that she knew of the injury and the arrest as of 2019, but not the "unlawful basis" for the arrest. ECF No. 69 at 12. The Ninth Circuit has held that the statute of limitations accrues when a plaintiff knows or in the exercise of reasonable diligence should have known of her injury and the cause of that injury, and is not deferred until the plaintiff has evidence of fault. *Lukovsky v. Cty. and Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008).

"[O]nce a plaintiff knows that harm has been done to him, he must 'determine within the period of limitations whether to sue or not, which is precisely the judgment that other tort claimants must make.'" *Id.* (quoting *Davis v. United States,* 642 F.2d 328, 331 (9th Cir.1981)). All of Reid's allegations stem from conduct that was known or should have been known by Reid before the statute of limitations expired.

Reid cites *McDonough v. Smith* as support for her argument that fabrication of evidence delays accrual until that evidence has been discovered. ECF No. 69 at 10 (citing *McDonough*, 588 U.S. 109, 117–118 (2019). But that is not what *McDonough* says; rather, it stands for the principle that a malicious prosecution claim does not accrue until favorable termination of that prosecution. *Id.* at 117.

Finally, Reid reprises the continuing violations argument from her prior briefs. ECF No. 69 at 11, 14, 15, 16. As the Court noted in a prior order, the continuing violations doctrine has been largely abrogated. *See* ECF No. 49 at 11 (first citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); then citing *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 747 (9th Cir. 2019)). "Except for a limited exception for hostile work environment claims—not at issue here—the serial acts branch is virtually non-existent." *Bird*, 935 F.3d at 748. Thus, Reid's allegations that Defendants' conduct has continued since March 2020, including by conducting surveillance or placing her on a watchlist, ECF No. 54 at 3, do not preserve the timeliness of the claims. ECF No. 49 at 11 (citing *Bird*, 935 F.3d at 748 (9th Cir. 2019)).

In short, the Court finds that neither fraudulent concealment nor the continuing violations doctrine apply to preserve the timeliness of Reid's claims.

## CONCLUSION

The Court grants Defendants' motions to dismiss Reid's third amended complaint. Because Reid's claims are time-barred, and she already been given the opportunity to amend her claims, dismissal is with prejudice. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." (citation modified)); *Cook v. Cnty. of Contra Costa*, No. 15-CV-05099-TEH, 2016 WL 913395, at *4 (N.D. Cal. Mar. 10, 2016) ("Because the statute of

8

limitations has expired on the filing of Plaintiff's tort claim, the dismissal is with prejudice.").  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  February 23, 2026



_____
JON S. TIGAR
United States District Judge