UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAJUANA A. REID,

        Plaintiff,

    v.

CITY OF OAKLAND, et al.,

        Defendants.

Case No. 25-cv-00383-JST

**ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT**

Re: ECF No. 94

Now before the Court is Plaintiff Lajuana Reid's motion to amend or alter the judgement. ECF No. 94. Reid asks the Court to reconsider its February 23, 2026 order granting the motion to dismiss the third amended complaint and entering judgment. ECF No. 94. Defendants oppose the motion, ECF No. 95 , and Reid has filed a reply and a surreply. ECF Nos. 96, 97. The Court will deny the motion.

Under Rule 59(e), a party may move a court to alter or amend a judgment within twenty-eight days after entry. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* A Rule 59(e) motion "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kaufmann v.*

United States District Court
Northern District of California

*Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (per curiam)).

Reid contends that the Court committed clear error in granting Defendants' motion to dismiss. Reid's motion repeats her prior arguments about the statute of limitations and discovery violations that the Court already rejected. The Court need not revisit these determinations. *See Remington v. Mathson*, No. 17-cv-02007-JST, 2018 WL 11014377, at *3 (N.D. Cal. June 26, 2018) (rejecting arguments that merely rehashed earlier arguments previously rejected); *see also Townsend v. Nat'l Arbitration Forum, Inc.*, No CV 09-09325-MWF (RNBx), 2012 WL 12882711, at *1 (C.D. Cal. July 17, 2012) (rejecting Rule 59(e) motion where the moving party appeared "to rehash arguments that could have been raised previously in opposition to Defendants' various motions to dismiss"), *aff'd*, 584 F.App'x. 664 (9th Cir. 2014). "Motions to amend or alter judgment under Rule 59(e) are not intended to give dissatisfied litigants a second bite at the apple." *Mendel v. Randolph*, No. 19-cv-03244-JST, 2021 WL 9817487, at *3 (N.D. Cal. Aug. 4, 2021).

Because Reid has not provided any grounds on which the Court should alter or amend the judgment, her motion is denied.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California